IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ERIC J. ARNOLD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-3040 |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

OPINION

RICHARD MILLS, United States District Judge:

Eric J. Arnold seeks judicial review of the final decision of the Commissioner of Social Security determining that he was not disabled and was capable of performing light work.

Arnold moves for summary judgment and the Commissioner moves for summary affirmance.

I. BACKGROUND

Arnold, who was born, in 1965, previously worked as a material handler, wheelchair attendant, sander, assembly line attendant and warehouse attendant. He applied for Disability Insurance Benefits on June 16, 2015, alleging disability which began on July 20, 2012. Arnold claimed disability due to a superior glenoid labrum

lesion, affections of the shoulder region, and neck/lower back pain. After the claim was initially denied, Arnold requested an administrative hearing. Arnold appeared for a hearing on June 28, 2017, before Administrative Law Judge Deborah M. Giesen.

On November 27, 2017, ALJ Giesen issued a Decision. The ALJ determined that while Arnold did not have an impairment or combination of impairments that met or equaled a listing, she noted Arnold's degenerative disc disease and his diabetes. The ALJ further found that Arnold was not disabled and retained the residual functional capacity to perform light work with restrictions, including never climbing ladders, ropes or scaffolds; no repetitive (constant) rotation of the neck (chin from shoulder to shoulder); no overhead reaching; and no concentrated exposure to extreme cold, heat, humidity or vibrations. The ALJ found that Arnold had the capacity to frequently balance, stoop, kneel, crouch and crawl. The ALJ concluded that Arnold was unable to return to any past relevant work. ALJ Giesen found that Arnold could perform light work including positions such as Cafeteria Attendant and Mail Clerk within the national economy.

Arnold's request for review of the ALJ's Decision was denied by the Appeals Council on January 2, 2019. Arnold filed a timely complaint and asks this Court to issue a finding of disability or remand the case to the Agency for further proceedings.

Arnold alleges the ALJ committed reversible error in her evaluation of the opinion evidence which resulted in a residual functional capacity assessment unsupported by substantial evidence or the relevant legal standards. He further claims the ALJ erred in failing to account for all of Arnold's severe impairments in both the residual functional capacity she assessed and with respect to her hypothetical questions to the vocational expert.

The Commissioner claims that the ALJ properly gave one of the three treating source opinions—submitted by Dr. DeBartolo—controlling weight under 20 C.F.R. § 404.1527(c)(2). The ALJ adopted Dr. DeBartolo's opinion that Arnold could perform light work, but added further restrictions that she found supported by the record. The ALJ did not give controlling weight to Dr. Primus's opinion that Arnold could lift no more than 10 pounds because Dr. Primus had submitted a form just a week earlier stating that he found no physical limitations. The ALJ further explained that she did not give controlling weight to Dr. Diesfeld's opinion that Arnold was limited to sedentary work because there was no record support for him having significant trouble with standing or walking.

## II.   DISCUSSION

### A. Standard of review

A claimant establishes disability by showing an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A disability is to be determined through application of a five-step sequential analysis: (i) substantial gainful activity; (ii) severe impairment; (iii) meeting or equaling a listing; (iv) ability to return to past relevant work; and (v) adjustment to other work in significant numbers." 20 C.F.R. § 404.1520(a)(4).

When, as here, the Plaintiff did not file exceptions to the ALJ's decision, the ALJ's decision stands as the Commissioner's final decision. 20 C.F.R. §§ 404.984(d). The Act specifies that "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Yurt v. Colvin*, 758 F.3d 850, 856 (7th Cir. 2014) (citations omitted). Although a court's task is not to re-weigh evidence or substitute its judgment for that of the ALJ, the ALJ's decision "must provide enough discussion for [the Court] to afford [the Plaintiff] meaningful judicial review and assess the validity of the agency's ultimate conclusion." *Id*. at 856-57. The ALJ "must build a logical bridge from the evidence to his conclusion, but he need not provide a complete written evaluation of every piece of testimony and evidence." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (internal citations and quotation marks omitted).

Medical source opinions/residual functional capacity

The ALJ gave controlling weight to the March 31, 2015 opinion of Dr. DeBartolo, an opinion Arnold claims is outdated. The ALJ also gave significant weight to the opinion of the state agency physician who reviewed the record at the "reconsideration" stage because it was generally consistent with Dr. DeBartolo's opinion. The ALJ rejected the disabling opinions of Drs. Primus and Diesfeld, Arnold's treating orthopedist and pain management specialist. Arnold contends that at the very least, the ALJ did not properly analyze these opinions as required by the regulations before rejecting them.

In support of his argument, Arnold cites *Goins v. Colvin*, 764 F.3d 677 (7th Cir. 2014), wherein the Seventh Circuit held that the ALJ's "uncritical acceptance of the consulting physicians' conclusions" and failure to submit a new and potentially decisive MRI to medical scrutiny was error. *See id*. at 680. The court found that the ALJ "played doctor" and failed to compare the new MRI with the old one and how that might affect the claimant's residual functional capacity. *See id*.

An ALJ may not assess an MRI report without the aid of a medical expert. *See McHenry v. Berryhill*, 911 F.3d 866, 871 (7th Cir. 2018). "An ALJ may not conclude, without medical input, that a claimant's most recent MRI results are "consistent" with the ALJ's conclusions about her impairments." *Id*. (citing *Akin v. Berryhill*, 887 F.3d 314, 317-18 (7th Cir. 2018)).

Here, the ALJ gave "controlling weight" to the opinion of a physician, Dr. DeBartolo, who was totally unaware of Arnold's lumbar and cervical spine MRIs, MRI confirmation of right upper extremity etiology and an EMG indicative of carpal tunnel, neuropathy and radiculopathy. The ALJ also gave "significant weight" to the state agency physician, Dr. Hinchen, who evaluated the case at the "reconsideration" stage because it was "generally consistent" with Dr. DeBartolo's March 31, 2015 opinion which, as noted, was issued before certain objective medical imaging suggesting greater restriction to Arnold's functionality.

While the ALJ did not asses or analyze the results of the MRI as in *McHenry*, the ALJ failed to consider those opinions which resulted in a de facto medical judgment, thereby violating the principle of *Goins* and *McHenry*. This objective evidence—including Arnold's lumbar and cervical spine MRIs, MRI confirmation of right upper extremity etiology, and an EMG indicative of carpal tunnel, neuropathy and radiculopathy—potentially could have resulted in a slightly more restrictive residual functional capacity, leading to a finding of disability. It is speculation to presume that the opinions of Dr. DeBartolo and the state agency reconsideration physician, Dr. Hinchen, would not have changed if they had been aware of the additional medical imaging.

Accordingly, the ALJ erred in granting "controlling weight" to Dr. DeBartolo's opinion which was given without knowledge of potentially important

6

objective medical testing. The ALJ also erred in granting "significant weight" to the opinion of Dr. Hinchen at the reconsideration stage, given that Dr. Hinchen relied on Dr. DeBartolo's opinion. The Court concludes remand is appropriate so that the ALJ may consider an opinion which considers all of the complex medical imaging contained in the record.

Having determined that remand is appropriate, the Court need not consider Arnold's other assertions of error. However, the Commissioner may consider any of the evidence of record on remand.

Ergo, the Motion for Summary Judgment of Plaintiff Eric J. Arnold [d/e 12] is GRANTED.

Defendant Commissioner of Social Security's Motion for Summary Affirmance [d/e 15] is DENIED.

The Commissioner's Decision is REVERSED and this action is REMANDED.

On remand, the Commissioner shall properly evaluate all the evidence of record with respect to Plaintiff's impairments and issue a new decision based on substantial evidence and the proper legal standards.

Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk will substitute Kilolo Kijakazi, Acting Commissioner of Social Security, and terminate Nancy A. Berryhill as Defendant in this suit.

The Clerk will enter Judgment and terminate this case.

ENTER: February 8, 2022

FOR THE COURT:
/s/ <u>*Richard Mills*</u><br>Richard Mills<br>United States District Judge