IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **ERIC J. ARNOLD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-3040 |
| | ) |
| **KILOLO KIJAKAZI,** | ) |
| **Acting Commisoner of** | ) |
| **Social Security,** | ) |
| | ) |
| Defendant. | ) |

## OPINION

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is Plaintiff Eric J. Arnold's Motion for Attorney's Fees under 42 U.S.C. § 406(b) [d/e 23]. Plaintiff's attorney Matthew Richter of Keller & Keller LLP seeks attorney's fees in the amount of $19,992.03. While the amount requested is consistent with Plaintiff's and Counsel's fee agreement, the Court finds that the requested fee would constitute a windfall to counsel when compared to the amount of time counsel spent on the case and, therefore, grants in part and denies in part Plaintiff's motion.

1

I. **BACKGROUND**

In support of the motion, the Plaintiff states that he filed an application on June 16, 2015, alleging disability beginning on July 20, 2012. See d/e 24, at 1. The Plaintiff's claims were denied at multiple levels of review, culminating when the Appeals Council denied Plaintiff's request for review of the Administrative Law Judge's unfavorable decision on January 2, 2019. Id. at 1-2.

On February 7, 2019, the Plaintiff entered into a fee agreement with Keller & Keller LLP. See d/e 24-1. The Plaintiff agreed that "my attorney has the right under this contract to ask the court to award as much as 25% of my past due benefits for representing me in court." Id. at 2. On February 18, 2019, the Plaintiff filed a complaint in this case. See d/e 1.

On February 8, 2022, United States District Judge Richard Mills issued an Order and Judgment reversing the Agency's decision and remanding the case to the Social Security Administration for a new hearing. See d/e 17 & 18. The case was transferred to the undersigned on May 13, 2022. On May 24, 2022, following the Plaintiff's First Motion for Attorney's Fees [d/e 19] and the

Commissioner's Response [d/e 21] noting no objection thereto, the Court entered an Order awarding attorney's fees to Plaintiff under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a)-(d) in the amount of $3,009.00.  See d/e 22.

After the Plaintiff's claim was reconsidered by the agency, Plaintiff's claim for benefits was approved and a partially favorable decision was issued on October 20, 2022, finding that Plaintiff was disabled under sections 216(i) and 223(d) of the Social Security Act beginning on April 19, 2015.  See d/e 24-2.  Plaintiff was awarded total past-due benefits of $79,968.12, including the 25% being paid to attorneys under 42 U.S.C. § 406(b).  See d/e 24-3.  The $79,968.12 represents the amount Plaintiff will receive prior to the statutory maximum of 25% being paid to the attorney, meaning Plaintiff would receive $59,976.09, or 75% of his total back benefits.  See d/e 24, at 2 n.1.

## II.  DISCUSSION

The Social Security Act's provisions concerning fees for representation are found at 42 U.S.C. § 406.  Section 406(b)(1)

provides that if an attorney successfully represents a claimant in federal court:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). Because the 25% applies only to fees for representation before the court, not the agency, "an attorney may ultimately be awarded more than 25% of past-due benefits under §§ 406(a) and (b)(1) combined." O'Donnell v. Saul, 983 F.3d 950, 952 (7th Cir. 2020). Under § 406(b), courts must review contingent fee agreements "as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." Id. The attorney must then show that the fee sought is reasonable for the services rendered. Id. In making this determination, a court may consider the character of the representation and the results obtained,

4

reducing the award if the attorney is responsible for delay in the proceeding that had the result of inflating past-due benefits, or if the fee is so large when compared to the amount of time counsel spent on the case that the fee would constitute a windfall to the attorney. Id. at 808.

The Defendant Acting Commissioner has no direct financial stake in this motion for § 406(b) attorney's fees, but plays a part resembling that of a trustee for claimants. See id. at 798 n.6. Consequently, the Defendant does not stipulate or agree to fees under § 406(b) as a matter of policy, because the prevailing plaintiff and his counsel are the real parties in interest. See d/e 26, at 1. Rather, the Defendant files responses to § 406(b) motions, advising the Court whether or not she opposes the requested fee pursuant to the trustee-like role described in Gisbrecht. Id.

In support of the argument that the fee is reasonable, Plaintiff's Counsel states that the amount reflects a valid contract between Plaintiff and Counsel, the substantial risk associated with this litigation and potential recovery, the results obtained for Plaintiff, the time Counsel expended on the matter, and the required refund of the fee award previously obtained under EAJA. See d/e 24, at 3. The

5

fee agreement between Plaintiff and Counsel is attached to the Plaintiff's motion.  See d/e 24-1.

Because the Plaintiff obtained a favorable outcome in receiving $79,968.12 in past-due social security benefits, Plaintiff's counsel requests an overall award of $19,902.03, representing 25% of Plaintiff's past due benefits and in accordance with the amount Plaintiff contracted to pay Counsel.  See d/e 24, at 4.  The Defendant Acting Commissioner notes that the fee requested by counsel is consistent with the 25% cap provided by § 406(b) and with the fee agreement for federal court representation Plaintiff signed.  See d/e 26, at 2.

The Plaintiff further claims the requested fee is reasonable because the fee reflects the contingent nature of recovery.  See d/e 24, at 4.  In order for the Plaintiff to obtain a favorable result, this Court had to remand the prior administrative decision and Plaintiff's claim would have to be approved on remand.  Id.  There is significant uncertainty in engaging in such litigation.  Id.

The Plaintiff further notes that the percentage of Counsel's requested fee is less than the percentage typically requested in other types of cases such as personal injury lawsuits.  Id. at 4-5.

Additionally, while Counsel's requested fee is based solely on the Plaintiff's past-due benefits, Plaintiff will receive much more due to Counsel's efforts. Id. at 5. The Plaintiff will continue to receive benefits until death, until the attainment of retirement age, or until Plaintiff is no longer disabled. Id. Moreover, the Plaintiff will be entitled to the value of health care benefits which accompany an award of benefits under Title II. Id. Therefore, the Plaintiff alleges Counsel's requested fee is reasonable compensation when considered along with the Plaintiff's favorable result that included substantial monetary and other benefits. Id.

The Plaintiff further claims that the requested fee also reflects the time and attention which Counsel's firm devoted to Plaintiff's case before the Court. Id. Keller & Keller LLP spent 10.4 hours of attorney time and 10.85 hours of non-attorney time on this litigation, which equates to an approximate $987.26 per hour fee. Id. The Plaintiff states that, if this amount is approved, Keller & Keller will not request any additional fees for work performed before the agency under § 406(a). Id. If not approved for the full amount, Counsel's law firm will seek compensation for its representation of Plaintiff before the Social Security Administration. Id.

7

The Defendant Acting Commissioner notes that the hours expended are relatively low, leading to a relatively high effective hourly rate for the work of Counsel and any non-attorneys. See d/e 26, at 2. The Defendant states that the significance of the proportion of non-attorney time in this case could be seen as leading to a windfall. Id. "[A] reduction may be in order if the benefits are large in comparison to the amount of time counsel spent on the case—the so-called 'windfall' factor.'" See Fields v. Kijakazi, 24 F.4th 845, 854 (2d Cir. 2022). However, the Court can consider efficiency as a factor supporting the requested fees. Id. ("Among the factors to be considered are the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do.").

In further support of the motion, the Plaintiff notes other district courts within the Seventh Circuit have approved § 406(b) fees which corresponded to a significantly higher hourly rate than Plaintiff now seeks. Id. The Plaintiff cites a number of cases from the Southern District of Indiana, Northern District of Indiana, Eastern District of Wisconsin, and Western District of Wisconsin approving higher or

8

similar compensation. Id. Additionally, Plaintiff's Counsel, Matthew Richter, is listed as counsel of record in 36 Social Security cases—22 of which are now closed--in the Central District of Illinois. Id. Counsel is able to be more efficient because he has made the same or similar arguments contained in Plaintiff's brief on numerous prior occasions. Id. For that reason, the Plaintiff states that an award of $1,300 per hour for attorney time and $600.00 per hour for non-attorney time which was supervised by Counsel is appropriate in this case. Id.

The Plaintiff further notes that, pursuant to Culbertson v. Berryhill, 139 S. Ct. 517 (2019), Counsel could seek additional fees for his work before the Social Security Administration under 42 U.S.C. § 406(a), even after receiving the full $19,992.03 fee requested for Counsel's work before the Court under § 406(b). See id. at 523-24 (holding that the 25% cap applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)). However, the Plaintiff represents that, in the interest of mitigating Plaintiff's fee, "Counsel **will not** seek any additional fee through a petition to the Social Security Administration under 42 U.S.C. § 406(a) upon receiving the $19,992.03 he has requested this

Court [to] award." See d/e 24, at 7. Because Counsel performed a significant amount of work before the Social Security Administration in getting Plaintiff's case approved on remand, Counsel's act of forgoing any fee under § 406(a) represents an hourly rate for services to Plaintiff which is substantially smaller than the estimated $987.26 per hour noted above. Id.

In further support of the motion, the Plaintiff notes that Counsel previously obtained an award for attorney's fees under EAJA in the amount of $3,009.00. Id. Counsel represents that, upon receipt of the $19,902.03 fee under 42 U.S.C. § 406(b), Counsel will refund the EAJA fee, in the amount of $3,009.00, to Plaintiff. Id. Upon doing so, Counsel will have appropriately mitigated the size of his fee in accordance with 42 U.S.C. § 406(b) and EAJA. Id. Counsel has reasonably attempted to reduce the portion of his fee which Plaintiff will pay out of his past-due benefits. Id.

The Defendant Acting Commissioner states that Counsel's claim that he will not seek fees for administrative work under § 406(a) is irrelevant to the reasonableness of the compensation for federal court work under § 406(b). See d/e 26, at 2. Accordingly, the reasonableness of the requested fee should be assessed based only

on the work that was performed in federal court. Id. The Defendant takes no position on the overall reasonableness of the requested fees. Id. at 3.

The Court finds that the amount requested is consistent with the 25% statutory cap and provided for in the fee agreement. Based on the number of hours worked, the amount represents a very high hourly rate, which the Court recognizes is an occasional occurrence in personal injury lawsuits and other litigation involving contingent fee agreements. Counsel obtained a successful result for the Plaintiff due in large part to Counsel's extensive experience in social security litigation and ability to use his time efficiently. As a result, the Plaintiff will continue to receive benefits until death, until the attainment of retirement age or until Plaintiff is no longer disabled. Moreover, there is significant risk associated with social security litigation and recovery is uncertain.

In a recent case, this Court considered a petition for fees under 42 U.S.C. § 406(b) wherein an experienced social security attorney sought a fee award of $40,199.27, which represented 25% of the plaintiff's past-due benefits and was an effective hourly rate of $1,425.51. See Arnold v. Commissioner of Social Security, Case No.

20-cv-03344, 2022 WL 17986681, at *1 (C.D. Ill. Dec. 29, 2022). The Court reduced counsel's effective hourly rate to $600.00 which resulted in a total award of $16,920.00, an amount and rate the Court determined was more reasonable. Id. at *3 (citing Taylor v. Berryhill, No. 1:16-cv-03474-MJD-JMS, 2018 WL 4932042, at *2 (S.D. Inc. Oct. 10, 2018)) ("Within the Seventh Circuit, fee awards equivalent to hourly rates ranging from $400 to $600 are consistently found to be reasonable."). This Court reasoned that the award recognized counsel's "successful results in this case and their Social Security experience while ensuring that Plaintiff's counsel does not receive a windfall based on the large size of the award in comparison to the hours spent on the case." Id. (citing Gisbrecht, 535 U.S. at 808).

Consistent with its prior case, the Court will reduce Counsel's effective hourly rate to $600.00, which results in a fee award of $6,240.00 for 10.4 hours of attorney time. The Court will set the rate for non-attorney time at $300.00, which results in a fee award of $3,255.00 for 10.85 hours of non-attorney time. This results in a fee award of $9,495.00. The Court finds this amount and these rates to be more reasonable.

Plaintiff's counsel was already granted $3,009.00 in attorney's fees pursuant to the EAJA. See d/e 22. An attorney cannot recover fees under both 42 U.S.C. § 406(b) and the EAJA; he must either refund the amount awarded under the EAJA to the client or offset the amount from the requested § 406(b) award. See Gisbrecht, 535 U.S. at 796.

Therefore, the Plaintiff's Motion for an Award of Attorney's Fees under 42 U.S.C. § 406(b) [d/e 23] is GRANTED IN PART and DENIED IN PART.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by the Court that Defendant, Kilolo Kijakazi, in her capacity as Commissioner of the Social Security Administration, is hereby directed to pay Plaintiff's attorney's fees in the amount of $9,495.00. Plaintiff's Counsel is Ordered to refund $3,009.00, representing the award under the Equal Access to Justice Act, to Plaintiff upon receipt of his fee under § 406(b).

ENTER: January 26, 2023

/s/ *Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE